UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WARD,

        Petitioner,

v.

SHIRLEY HARRY,

        Respondent.
_____/

Civil Action No. 17-CV-10794

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER DISMISSING PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner in this matter has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is currently serving a prison sentence for his 1981 conviction for possession with intent to deliver more than 650 grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(i). In his *pro se* application, petitioner challenges the constitutionality of Mich. Comp. Laws § 600.2963, which requires prisoners to file an initial partial filing fee and precludes a prisoner from filing a new civil action or appeal until he has paid any outstanding fees or costs due and owing in previous civil actions. Petitioner also claims that his due process rights were violated when the Michigan Attorney Grievance Commission refused to order Attorney General Bill Schuette to respond to a complaint filed by petitioner against Mr. Schuette with the Grievance Commission. Petitioner further claims that his rights were violated when the Michigan Supreme Court refused to accept petitioner's petition for a writ of mandamus to order the Grievance Commission to act on the complaint. For the reasons stated below, petitioner's application for writ of habeas corpus is denied.

The Court is authorized to summarily dismiss a habeas corpus petition if it plainly

appears from the face of the petition or the attached exhibits that the petitioner is not entitled to relief. *See Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4. In the present case, the Court concludes that petitioner's habeas claims are meritless.

In his first claim, petitioner alleges he was wrongfully prevented from filing his mandamus petition in the Michigan Supreme Court or from filing other actions in other Michigan courts because of the fee provisions of § 600.2963. This claim fails because, among other reasons, petitioner concedes it was raised and rejected in a previous habeas petition he filed in *Ward v. Howes*, No. 06–CV–127, 2007 WL 172515, *4 (W.D. Mich. Jan. 19, 2007). Petitioner indicates he raised this claim in another habeas petition which this Court denied based on rejection of the claim in the earlier petition. *See Ward v. Howes*, No. 08-13051, 2011 WL 4527786, at *11-12 (E.D. Mich. Sept. 29, 2011). The Court rejects this claim in instant petition for the same reason.

Petitioner next claims that his due process rights were violated when the Michigan Attorney Grievance Commission refused to order Attorney General Bill Schuette to respond to a complaint filed by petitioner against Mr. Schuette with the Grievance Commission based upon Mr. Schuette's alleged refusal to take action against the Michigan Parole Board for requiring petitioner to submit to a second public hearing before he can be paroled. Petitioner also claims that his rights were violated when the Michigan Supreme Court refused to act on his request for a writ of mandamus to order the Grievance Commission to initiate an investigation against Mr. Schuette.

This claim is dismissed. The Michigan Supreme Court has exclusive jurisdiction over the administration and discipline of attorneys in Michigan. *See Ginger v. Circuit Court for Wayne Cty.*, 372 F.2d 621, 625 (6th Cir. 1967). This Court also lacks jurisdiction to review the Michigan Supreme Court's decision to reject petitioner's request for of a writ of mandamus to

implement that court's superintending control over the Attorney Grievance Commission. *See Chambers v. Attorney Grievance Comm'n*, 24 F. App'x 302, 303 (6th Cir. 2001). Accordingly,

IT IS ORDERED that petitioner's application for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall issue and that petitioner may not proceed on appeal in forma pauperis, as petitioner has not made a substantial showing of the denial of a constitutional right and any appeal would be frivolous

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: March 20, 2017
          Detroit, Michigan

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 20, 2017, by electronic and/or ordinary mail.

s/Teresa McGovern
Case Manager Generalist